# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **LUCKY L. WILLIAMSON and CARY N. WILLIAMSON,**<br><br>    **Plaintiffs and Counterdefendants,**<br><br>vs.<br><br>**STANLEY J. VERRIPS,**<br><br>    **Defendant and Counterclaimant.** | CASE NO: CV05-131-S-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

    Pending before the Court in the above-entitled matter is Plaintiffs/Counterdefendants Lucky and Cary Williamson motion for summary judgment (Docket No. 8). The motion was filed on May 4, 2005. As of June 20, 2005, no response has been filed by Defendant/Counterclaimant Stanley J. Verrips.

    Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FAILURE TO RESPOND TO MOTION

    District Courts may establish local rules of procedure that have the force of law. Fed. R. Civ. P. 83(a)(1). Attorneys practicing in a federal district court are charged with knowledge of the local rules the same as they are charged with knowledge of the Fed. R. Civ. P. Local Rule 7.1 controls when a response must be filed to a motion. Pursuant to D. Idaho L. Civ. R. 7.1(c), the

responding party must file its response within twenty-one days after service upon the party of the motion and memorandum by the moving party.[1]  The certificate of service indicates counsel for Defendant was served by hand delivery with hte motion and related pleadings.  The Local Rules provide that failure to respond to a motion may be deemed consent to the granting of the motion.  D. Idaho L. Civ. R. 7.1(f).

However, pursuant to <u>United States v. Real Property Located at Incline Village</u>, 47 F.3d 1511, 1520 (9th Cir. 1995) default summary judgment is not proper unless the movant's papers are sufficient to support the motion or the movant's papers on their face reveal no genuine issue of material fact.  <u>See also Marshall v. Gates</u>, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial).  Accordingly, the Court will evaluate the motion for summary judgment on the merits.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial.  <u>See Celotex Corp v. Catrett</u>, 477 U.S. 317, 322 (1986).  If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine

---

[1] D. Id. L. Civ. R. 7.1(c)(1) provides in part:

The responding party <u>must</u> serve and file a response brief . . . .  The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely.  (Emphasis added.)

issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. A "genuine" issue is established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

In the Ninth Circuit, in order to withstand a motion for summary judgment, a party must:

> 1) make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; 2) show that there is an issue that may reasonably be resolved in favor of either party; and 3) come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992). However, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment; evidence on which the jury could reasonably find for that party must be presented. Auvil v. CBS "60 Minutes", 67 F. 3d 816, 820 (9th Cir. 1995 (citing Anderson, 477 U.S. at 252). The inclusion of a vague allegation in a party's answer is insufficient to defeat a motion for summary judgment, as Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Blue Cross and Blue Shield of Alabama v. Weitz, 913 F.2d 1544, 1552 (11th Cir 1990).

## FACTUAL BACKGROUND

Plaintiffs' parents maintained a dairy on approximately 33 acres of property at 1200 West Franklin, Meridian, Idaho. A single family dwelling and buildings used for operating the dairy are located on approximately three acres on the southerly portion of the property; the remaining 30 acres were used to pasture dairy animals. (Docket No. 1, p. 2). Plaintiffs' mother operated the dairy after their fathers' death and, in 1969, began leasing the pasture property to farmers and a portion of one of the buildings to various individuals, including Defendant Stanley Verrips. (Docket No. 1, p. 2).

Plaintiffs' mother and Defendant entered into a Lease Agreement, for a term of three years, effective July 1, 2002 for the portion of the property commonly referred to as 1260 West Franklin, Meridian Idaho. The lease terminates June 30, 2005. (Docket No. 1, p. 2-3). The lease includes an option to renew for an additional three years; the option can only be exercised by written notice by the Lessee to the Lessor at least 30 days prior to the termination of the lease, in this case by May 30, 2005. The lease also includes a right of first refusal for the Lessee if Lessor desires to sell the premises during the term of the lease. (Docket No. 1, p. 11-12).

Plaintiffs' mother died in February, 2003 and her estate was probated. Plaintiffs took title of the property as a result of the probate. Defendant's son, Jesse, and Jesse's friend Cassandra began a tenancy at will, by oral agreement, of the single family dwelling on the property formerly occupied by Plaintiffs' mother on or about January 1, 2005. (Docket No. 1, p. 3). On March 8, 2005 Plaintiffs terminated the tenancy at will as to Jesse and Cassandra, and on March 28, 2005, terminated the 1260 West Franklin tenancy as to Defendant. Both terminations were effective as of April 30, 2005, but Jesse and Cassandra were entitled to complete their tenancy of the single family dwelling to April 30, 2005 and Defendant Stanley was entitled to continue his occupancy under the Lease Agreement to June 30, 2005 (Docket No. 1 p. 3, 6).

On April 6, 2005 Plaintiffs filed suit seeking a declaratory judgment and judgment of decree of quiet title that Defendants have no right, title, claim or interest in and to the real property at issue. Defendants responded with a Counterclaim seeking: 1) a declaratory judgment establishing that the Lease term was extended in November 2004 for an additional three years, and

the right of first refusal under the Lease was valid and enforceable; and 2) breach of contract.

The Plaintiffs filed the instant motion for summary judgment claiming the description of the property contained in the July 1, 2002 Lease Agreement between Defendant Stanley and Plaintiffs' mother is legally insufficient to support either the option to renew or the right of first refusal. As of June 15, 2005, Defendants have not responded to the motion.

## ANALYSIS

Although Defendant's failure to respond to Plaintiffs' motion for summary judgment will not be automatically deemed consent to the granting of the motion, Defendant's failure to provide any evidence revealing a genuine issue of material fact requires such granting of the motion. The only material submitted by Defendant in this case is his Answer/Counterclaim (Docket No. 5), in which several allegations are made, but are otherwise unsupported by any evidence. The allegations most relevant at this stage pertain to Defendant's option to renew the lease for an additional three years and the right of first refusal.

Defendant alleges in his Counterclaim that the parties agreed to extend the term of the lease in November 2004 to November 2007 (Docket No. 5, p. 6). No other evidence, however, has been submitted to this court to support the allegation, let alone any evidence upon which a jury could reasonably find for Defendant on this issue. Moreover, the renewal of the lease was required to be in writing. The last possible date to submit the written request to renew was May 30, 2005. There is no record of a written notice to renew before the court, therefore the lease terminates as of June 30, 2005.

Similarly, Defendant asserts in his Counterclaim that the property subject to his right of first refusal is subject to a contract or agreement for sale, triggering Plaintiffs' obligation to offer the property to Defendant for sale. Defendant bases this assertion on an application for annexation and zoning filed with the Meridian Planning & Zoning Commission which states a sale is pending on the real property at issue. (Docket No. 5, p. 7). Defendant fails, however, to provide any evidence to support this allegation. Specifically, no evidence has been submitted to establish the existence of the application or that the sale is scheduled to occur during the lease term (before June 30, 2005), which is the only time the right of first refusal is applicable. As the Court has no

evidence of a sale of the premises during the term of the lease, the Court need not reach the issue of whether or not the legal description of the property in the lease is sufficient.

Because Defendant may not rest upon the mere allegations of his pleadings, and he has not set forth specific facts showing that there is a genuine issue for trial, summary judgment in favor of the Plaintiffs is appropriate.

## ORDER

Being fully advised in the premises, the Court hereby orders Plaintiffs' motion for summary judgment (Docket No. 8) is GRANTED. Counsel for Plaintiff shall submit a proposed judgment to the Court for its review and entry.

DATED: **June 21, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge