## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUCKY L. WILLIAMSON and CARY N. WILLIAMSON,<br><br>    Plaintiffs and Counterdefendants,<br><br>vs.<br><br>STANLEY J. VERRIPS,<br><br>    Defendant and Counterclaimant. | CASE NO: CV05-131-S-EJL<br><br>MEMORANDUM ORDER |

Pending before the Court in the above-entitled matter is Defendants Motion to Reconsider Memorandum, Decision and Order and Motion to Alter or Amend Judgment or for Relief from Judgment (Docket No. 16) and Motion for Stay (Docket No. 17). In the motion for reconsideration, counsel for Defendants sets forth that the failure to respond to the motion for summary judgment was due to excusable neglect and the Court should consider the response that has now been filed to the motion for summary judgment and vacate the judgment entered in this case.

On May 4, 2005, a motion for summary judgment (Docket No. 8) was filed by Plaintiffs in the above-entitled matter. After no response to the motion was filed, the Court reviewed the record and granted summary judgment in favor of the moving Plaintiffs on June 21, 2005. Judgment consistent with the Court's Memorandum Decision and Order was entered on June 23, 2005. On June 22, 2205 Defendants filed an objection to the proposed judgment, however, such objection was not docketed until June 23, 2005 and the Court did not have the objection before it when it entered the Judgment on June 23, 2005.

MEMORANDUM ORDER-Page 1
05ORDERS\Williamson_recon

Defendants move pursuant to Fed. R. Civ. P. 60(b)(1) and/or Fed. R. Civ. P. 59(e) for relief from final judgment or order.  Rule 60(b091) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . .

The Supreme Court has held that excusable neglect is a flexible and equitable concept based on the specific facts of each case. Pioneer Inv. Servs. v. Brunswick Associa., 507 U.S. 380 (1993). However, the Supreme Court went on to state "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" Id. at 387.

"[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the ... [gravity of the neglect] and its potential impact on the proceedings; (3) the reason for the [neglect]; and (4) whether the movant acted in good faith." Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir.2000) (citing Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993)).  See also Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir.1997) (stating that the four Pioneer factors "provide a framework" and are not "an exclusive list").

Defendants' counsel argues in his motion that he was unfamiliar with the time requirements of D. Idaho L. Civ. R. 7.1 and he considered Fed. R. Civ. P. 56 to control when he needed to file a response to the motion for summary judgment.  Counsel maintains the failure to timely file was not intentional or wilful for the purposes of gaining an advantage in the litigation. But he was simply awaiting a hearing date to be set when the case was reassigned to the undersigned judge. Moreover, counsel's affidavit indicates that in 36 years of practice, this is the first instance he has missed a summary judgment deadline.

Plaintiffs have not had the opportunity to respond to the pending motions.  In order to allow full consideration of the motion to alter or amend the judgment and/or the motion for relief from judgment, the Court is going to grant the motion to stay the judgment (Docket No. 17).

MEMORANDUM ORDER-Page 2
05ORDERS\Williamson_recon

Plaintiffs shall respond to the motions for relief from the judgment within ten (10) days from the date of this order, and the Court will determine if the requested relief should be granted and the summary judgment motion is this case reconsidered.

DATED: **June 30, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge