# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **LUCKY L. WILLIAMSON and CARY N. WILLIAMSON,** | **CASE NO: CV05-131-S-EJL** |
| **Plaintiffs and Counterdefendants,** | **MEMORANDUM ORDER** |
| **vs.** | |
| **STANLEY J. VERRIPS,** | |
| **Defendant and Counterclaimant.** | |

Pending before the Court in the above-entitled matter is Defendants Motion to Reconsider Memorandum, Decision and Order and Motion to Alter or Amend Judgment or for Relief from Judgment (Docket No. 16) and Plaintiffs' Motion to Lift Stay (Docket No. 24). The Court stayed the judgment entered in this case and allowed Plaintiffs to respond to the motion to alter or amend. Defendants filed a reply to Plaintiffs' response.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

In the Motion for Reconsideration and Motion to Alter or Amend Judgment or for Relief from Judgment, counsel for Defendants sets forth that the failure to respond to the motion for summary judgment was due to "excusable neglect" and the Court should consider the response that has now been filed to the motion for summary judgment and vacate the judgment entered in this case. Plaintiffs argue that a misreading of the applicable rules is not excusable neglect and that the failure to file a

timely response was a strategy by Defendants to extend the legal proceedings. Defendants deny the failure to comply with the applicable rules was intentional or strategic.

On May 4, 2005, a motion for summary judgment (Docket No. 8) was filed by Plaintiffs in the above-entitled matter. After no response to the motion was filed, the Court reviewed the record and granted summary judgment in favor of the moving Plaintiffs on June 21, 2005. Judgment consistent with the Court's Memorandum Decision and Order was entered on June 23, 2005. On June 22, 2205 Defendants filed an objection to the proposed judgment, however, such objection was not docketed until June 23, 2005 and the Court did not have the objection before it when it entered the Judgment on June 23, 2005.

Defendants move pursuant to Fed. R. Civ. P. 60(b)(1) and/or Fed. R. Civ. P. 59(e) for relief from final judgment or order. The Court will begin with Rule 60(b)(1) which provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . .

The Supreme Court has held that excusable neglect is a flexible and equitable concept based on the specific facts of each case. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380 (1993). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the ... [gravity of the neglect] and its potential impact on the proceedings; (3) the reason for the [neglect]; and (4) whether the movant acted in good faith." Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir.2000) (citing Pioneer at 395). See also Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir.1997) (stating that the four Pioneer factors "provide a framework" and are not "an exclusive list").

Defendants' counsel argues in his motion that he was unfamiliar with the time requirements of D. Idaho L. Civ. R. 7.1 and he considered Fed. R. Civ. P. 56 to control when he needed to file a response to the motion for summary judgment. Counsel maintains the failure to timely file was not intentional or wilful for the purposes of gaining an advantage in the litigation. But he was simply awaiting a hearing date to be set when the case was reassigned to the undersigned judge. Moreover,

MEMORANDUM ORDER-Page 2
05ORDERS\Williamson2_recon

counsel's affidavit indicates that in 36 years of practice, this is the first instance he has missed a summary judgment deadline.

"[T]he general rule is that a mistake of law does not constitute excusable neglect." <u>Kyle v. Campbell Soup Company</u>, 28 F.3d 928 (9th Cir. 1994). Misconception of a non-ambiguous rule cannot constitute excusable neglect to justify an extension of time. <u>Committee for Idaho's High Desert  v. Yost</u>, 92 F.3d 814, 824 (9th Cir. 1996). While the Supreme Court has held that excusable neglect is a flexible and equitable concept based on the specific facts of each case, there is a limit on what can be considered excusable neglect. Specifically, the Supreme Court went on to state "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.</u>, 507 U.S. 380, 392 (1993).

Defendants' counsel argues in his motion that he thought he had time under Fed. R. Civ. P. 56 to file a response once a hearing was set by the Court. This argument is misplaced. First, it is D. Idaho L. Civ. R. 7.1 that controls when a response must be filed, not Rule 56. District Courts may establish local rules of procedure that have the force of law. Fed. R. Civ. P. 83(a)(1). Attorneys practicing in a federal district court are charged with knowledge of the local rules the same as they are charged with knowledge of the Fed. R. Civ. P. Pursuant to D. Idaho L. Civ. R. 7.1(c), the responding party must file its response within twenty-one days after service upon the party of the motion and memorandum by the moving party.[1] This rule is not ambiguous.

Second, Rule 56 does not set forth the time to respond to a motion for summary judgment only that a motion can be filed "at any time after the expiration of 20 days from the commencement of the action" Fed. R. Civ. P. 56(a). Rule 56 also states the motion "shall be <u>served</u> at least 10 days before the time fixed for the hearing. Fed. R. Civ. P. 56(c). Finally, the rule provides the adverse party may

---

[1]D. Id. L. Civ. R. 7.1(c)(1) provides in part:

The responding party <u>must</u> serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely. (Emphasis added.)

serve opposing affidavits prior to the day of hearing.  Id.  Rule 56 does not require a hearing to be held on every motion for summary judgment.

Third, the motion for summary judgment was decided on the merits of the motion, not on the fact Defendants failed to comply with the Local Rules.   As stated by the Court in its June 21, 2005 Order granting summary judgment:

> However, pursuant to United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995) default summary judgment is not proper unless the movant's papers are sufficient to support the motion or the movant's papers on their face reveal no genuine issue of material fact.  See also Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial).  Accordingly, the Court will evaluate the motion for summary judgment on the merits.

Fourth, in applying the equitable factors set forth in Pioneer to the case at hand, the factors weigh in favor of finding the neglect was not excusable.  Clearly, the danger of prejudice to the opposing party is great in this case as Plaintiffs argue Defendants' rights under the lease terminated in June, 2005.  The delay in filing the response is significant as the response was not filed until after the Court had entered its order granting summary judgment and if the late filing is allowed it would delay the proceedings indefinitely.  Moreover, the delay in filing was within the control of Defendants' counsel and was not caused by external forces outside the control of counsel.  While the Court does not find counsel for Defendants acted in bad faith, this factor alone is an insufficient basis to grant relief when all the equitable factors and circumstances are considered by the Court.

In this particular case, the Court finds the sole cause of Defendant's counsel failure to timely file a response to the motion for summary judgment was his mistaken reading of Fed. R. Civ. P. 56 and his unfamiliarity with the D. Idaho L. Civ. R. 7.1(c).  Local Rule 7.1(c) setting forth the response deadline is not ambiguous.  Nor is D. Idaho L. Civ. R.   7.1(d).  There is nothing in 7.1(d) that provides for a response time to be delayed because there is no hearing scheduled on the motion.  Counsel has not presented a persuasive justification for his misreading of the applicable rules of procedure.  Accordingly, the Court finds there are no equitable factors in this particular case that support deviating from the general rule that a mistake of law does not constitute excusable neglect and the Motion to Reconsider Memorandum, Decision and Order and Motion to Alter or Amend Judgment or for Relief from Judgment should  be denied.

The Court also finds that Rule 59(e) does not allow for the relief sought by Defendants. Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1419 (9th Cir. 1984).  Pursuant to Rule 59(e), a motion for reconsideration  must be filed within ten (10) days of the court's order.

The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order:  (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice.  <u>School Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993), <u>cert. denied</u>, 512 U.S. 1236 (1994).  Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Donaldson v. Liberty Mut. Ins. Co.</u>, 947 F. Supp. 429, 430 (D. Haw. 1996).

In applying the three reasons to the facts of this case, the Court finds there has not been an intervening change in controlling law, there has not been the discovery of new evidence previously unavailable and there is no need to correct clear error as the Court properly analyzed the merits of the motion for summary judgment.  Accordingly, the motion for reconsideration pursuant to Rule 59(e) should be denied as well.

Order

Being fully advised in the premises, the Court hereby orders:

1) Defendants' Motion to Reconsider Memorandum, Decision and Order and Motion to Alter or Amend Judgment or for Relief from Judgment (Docket No. ) is DENIED.

2) Plaintiffs' Motion to Lift Stay of Judgment (Docket No. 24) is GRANTED.

DATED:  **August 29, 2005**

Honorable Edward J. Lodge
U. S. District Judge